PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH SARGENT, | ) |
|     Plaintiff, | ) CASE NO. 4:13CV01702 |
| v. | ) JUDGE BENITA Y. PEARSON |
| J. COAKLEY, WARDEN, *et al.*, | ) |
|     Defendants. | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |

*Pro se* Plaintiff Joseph Sargent filed this *Bivens*[1] action against Elkton Federal Correctional Institution ("FCI-Elkton") Warden J. Coakley, FCI-Elkton Low Satellite, Former Fort Dix Federal Correctional Institution ("FCI-Fort Dix") Warden D. Zickefoose, FCI-Fort Dix Warden J. Hollingsworth, the Federal Bureau of Prisons ("BOP") and the United States. In the Complaint, Plaintiff alleges he has attention deficit hyperactivity disorder, and claims Defendants refuse to provide him with Adderall to treat his condition. He asserts Defendants have been deliberately indifferent to his serious medical needs. He seeks monetary relief and an order from the Court requiring Defendants to provide him with Adderall.

Plaintiff filed two Motions to Amend his Complaint (ECF Nos. 4 and 5) and a Motion to Supplement Complaint (ECF No. 14). All of these motions seek to supplement the original

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

(4:13CV01702)

complaint with exhibits or attachments.  They do not offer any substantive changes or additions to the pleading.  Plaintiff's motions are therefore granted.

In addition, Plaintiff filed a Motion to Dismiss FCI-Elkton Low Satellite and the BOP as defendants.  (ECF No. 13).  That motion is also granted.

## I.  Background

Plaintiff claims he was diagnosed with attention deficit hyperactivity disorder ("ADHD") prior to his incarceration.  (ECF No. 1 at 2-3).  He was prescribed Adderall to treat the symptoms.  (ECF No. 1 at 3).  He indicates this information was contained in his presentence report.  (ECF No. 1 at 3).  He self-surrendered at FCI-Fort Dix on May 28, 2012, but was later transferred to FCI-Elkton where he was placed in the low security satellite.  (ECF No. 1 at 3).

Plaintiff claims the medical staff at these institutions refused to prescribe Adderall for him.  (ECF No. 1 at 4).  Adderall is an amphetamine-based drug, and BOP policy prohibits its distribution to inmates.  (ECF No. 1 at 4).  The medical staff noted Plaintiff had a history of substance abuse, namely crack cocaine and heroin.  Plaintiff was also diagnosed with bipolar disorder, anxiety, and depression for which he has been prescribed  Divalproex, and Venlafaxine.  (ECF No. 1-2 at 6).  He was prescribed Buspirone to treat anxiety.  (ECF No. 5-1 at 1).  Plaintiff insists he still requires Adderall because none of these medications is specifically indicated to treat ADHD.  (ECF No. 1 at 5).  He claims he is restless, depressed, anxious, hyperactive and has difficulty concentrating.  (ECF No. 1 at 5-6).  He claims the Defendants have been deliberately indifferent to his serious medical needs.

2

(4:13CV01702)

## II. Standard of Review

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

(4:13CV01702)

## III. Law and Analysis

As an initial matter, Plaintiff cannot bring this action against the United States. The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590–91 (1941). It has not consented to suits under *Bivens*. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001); *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994).

In addition, Plaintiff fails to state a claim upon which relief may be granted against the individual defendants. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff names the FCI-Elkton Warden, the FCI-Fort Dix Warden and the former FCI-Fort Dix Warden as Defendants. He claims medical personnel at both prisons refuse to prescribe Adderall to treat his ADHD, but he does not allege any of these individual defendants was personally involved in making his medical decisions. Plaintiff attaches a copy of a response from Warden Coakley to one of his grievances in which the Warden informed Plaintiff he conferred with the medical department and was satisfied that they were treating Plaintiff in cooperation with the psychology department. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999).

Finally, even if Plaintiff had named a Defendant who is subject to suit in this *Bivens* action, he failed to state a claim for deliberate indifference to serious medical needs. Prison officials may

4

(4:13CV01702)

not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff has not satisfied the subjective standard of his Eighth Amendment claim by demonstrating that the Defendants acted with deliberate indifference to his condition. The duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is a limited one. A prisoner's right is to medical care, not a right to the type or scope of medical care which he personally desires. *Henderson v. Secretary of Corrections*, 518 F.2d 694, 695 (10th Cir. 1975). The Constitution does not guarantee a prisoner the treatment of his choice. Therefore, a difference of opinion between a prisoner-patient and prison medical authorities regarding a course

5

(4:13CV01702)

of treatment will not support an Eighth Amendment claim. *Farmer*, 511 U.S. at 835. Where the prisoner is receiving medical treatment, the Plaintiff must prove that the provider of that treatment acted with deliberate indifference toward his serious medical need. Because deliberate indifference requires Plaintiff to prove the Defendants acted "with criminal recklessness," Plaintiff must demonstrate that the treatment he is receiving is beyond the level of medical malpractice. *Farmer*, 511 U.S. at 835. He must show that the course of treatment is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002).

In this case, the facts alleged by Plaintiff and the documentation he provides do not suggest that his current treatment rises to the level of deliberate indifference. The prison medical staff noted Plaintiff's diagnosis for ADHD, bipolar disorder, anxiety, and depression as well as his prior history of crack cocaine abuse. His physicians then prescribed a group of medications to treat his conditions. Plaintiff contends these medications are not specifically indicated for treating the symptoms of ADHD. He wants Adderall added to his list of medications. The prison declined to make this addition, in part, because that medication is an amphetamine-based compound which BOP policy prohibits from distribution to inmates. The Eighth Amendment does not give an inmate an unfettered right to the medication of his choice. *Hudson*, 503 U.S. at 9. The fact that prison officials do not make amphetamine-based medications, like Adderall and Ritalin, available to prisoners does not suggest deliberate indifference where the prisoner was given an alternate treatment. *Althouse*, 542 F. Supp. 2d at 574. Although Plaintiff adamantly denies this characterization, his dispute with the prison's medical staff is over the preferred medications to treat his ADHD symptoms. This

(4:13CV01702)

difference of opinion does not support an Eighth Amendment claim.  *See Hudson*, 503 U.S. at 9.

### IV.  Conclusion

Accordingly, Plaintiff's Motions to Amend Complaint (ECF Nos. 4 and 5), his Motion to Supplement Complaint (ECF No. 14) and his Motion to Dismiss Certain Party Defendants (ECF No. 13) are granted.  In addition, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]


IT IS SO ORDERED.

| | |
|---|---|
|  January 16, 2014 |    */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[2] 28 U.S.C. § 1915(a)(3) provides: An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.